UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| VINTON P. FROST,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY S. PINKUS, et al.,<br><br>    Defendants. | Case No. 17-cv-01308-LB<br><br>**ORDER DISMISSING COMPLAINT**<br><br>[Re: ECF Nos. 24–25] |

**ORDER**

This is the third time that this case is on review under 28 U.S.C. § 1915(e)(2) for the threshold viability of its claims. The court has twice dismissed the previous complaints for failing to state a cognizable claim and, maybe more specifically, for failing to show that this court has subject-matter jurisdiction of this dispute. (ECF Nos. 6, 10.)

The court has twice directed the plaintiff to the court's *pro se* help center and has twice sent him information for litigants who represent themselves. (ECF Nos. 4, 17.)

The court now dismisses the second amended complaint (ECF Nos. 24–25). The complaint does not state a viable claim and does not show that this court has jurisdiction of this dispute.

The plaintiff asserts three grounds for federal-question jurisdiction under 28 U.S.C. § 1331. *See* (ECF No. 24 at 5.) He invokes three federal statutes: 18 U.S.C. §§ 371, 1001, and 1956. These are all criminal statutes. None provides for a private right of action. None gives this court subject-

matter jurisdiction of this civil suit.

The complaint may try to advance a civil fraud claim — though the plaintiff seems to allege that the defendants defrauded the U.S. Department of Justice, and not him. *See* (ECF No. 25 at 6.) If the complaint does advance a civil fraud claim, though, it has not alleged the fraud with adequate particularity. Although it puts names to a broad date range (roughly, from January 2014 to the date of the latest complaint) and means of communication, it does not specify exactly what anyone said that was fraudulent. It names defendants in a shotgun fashion and accuses them of agreeing to make "misleading statements" to the DOJ. (*Id.*) This does not suffice to state a viable fraud claim. *See generally, e.g., Vess v. Ciba–Geigy Corp., USA,* 317 F.3d 1097, 1106 (9th Cir. 2003). The plaintiff need not allege exactly what every defendant is claimed to have said. *See F.T.C. v. ELH Consulting, LLC,* 2013 WL 4759267, at *1 (D. Ariz. Sept. 4, 2013) (quoting *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007) ("[T]here is no absolute requirement that, where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify false statements made by each and every defendant.")). But neither can the plaintiff simply say that the defendants made "misleading statements." To allow such a vague allegation of fraud to go forward would ignore the letter and defeat the purpose of Rule 9(b). And, if some exceptional case might admit of such an amorphous fraud claim, this is not that case.

Without jurisdiction, the court cannot entertain a claim based on an ethical grievance against a legal-aid lawyer.

## CONCLUSION

The plaintiff has had three opportunities to present a basically viable civil claim and to identify a ground on which this court could rest subject-matter jurisdiction. He has not done so. For all that appears in this case's record, allowing him to amend his complaint yet again would be futile. The court therefore dismisses this suit without prejudice and without leave to amend. *See Chodos v. West Pub'g Co.,* 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad.") (citation and internal quotation marks omitted) (quoted in *Godwin v. Christianson,* 594 F.

App'x 427, 428 (9th Cir. 2015)). The court directs the Clerk of Court to close this file.

**IT IS SO ORDERED.**

Dated: June 5, 2017

_____
LAUREL BEELER
United States Magistrate Judge